UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MARTHA ADCOCK                                                                                    PLAINTIFF

V.                                                                           CAUSE NO.: 3:10-cv-313-DPJ-FKB

WAL-MART STORES EAST, LP                                                                  DEFENDANT

ORDER

This slip-and-fall case is before the Court on Defendant Wal-Mart Stores East, LP's ("Wal-Mart") Motion for Summary Judgment [28]. The Plaintiff, Martha Adcock, has responded in opposition [30, 31]. The Court, having fully considered the parties' submissions and the applicable law, concludes that Wal-Mart's Motion [28] is well taken and should be granted.

I.      FACTS AND PROCEDURAL HISTORY

Plaintiff Martha Adcock visited a local Wal-Mart store and fell in the ladies' dressing room. According to Assistant Manager Nathan Hopkins, "[t]he ladies' dressing room, where Mrs. Adcock reportedly fell, contained a bench for sitting, a handrail to assist customers and a simulated 'wood plank' vinyl tile floor." Def.'s Mot. [28] Ex. G, Aff. of Nathan Hopkins. Affidavits from Hopkins and two other Wal-Mart employees who assisted Adcock after the fall provide that they observed or even touched the floor where Adcock fell, and the floor was free of debris or substances. Likewise, Adcock's husband testified in his deposition that he saw nothing on the floor that might have caused the fall. Even Adcock testified that she noticed nothing on the dressing room floor before or after she fell:

>   Q.      Okay. Tell me how it happened.
>
>   A.      I had went and found me two pair of pants that was just below the knee, and I was – Winnie and I – had my – took my purse with me

and left my buggy out.  And I laid everything on the table – this little old – little table or seat, whatever it was.  And I pulled down my shorts.  I got my right leg out.

Q. Uh-huh.

A. I reached down to pick my other – the other – out – my leg out of the other side of the pants and my leg went that way, and I went down.

Q. Were you – was there a bench – is there a bench in the dressing room?

A. Yes, sir.

Q. Were you sitting on the bench or standing up?

A. No, sir.  I was standing.

. . .

Q. Did [your shoes] have a rubber heel?

A. They was rubber.

. . .

Q. Okay.  Before you – before you fell, did you notice anything on the floor?

A. No, sir.

Q. After you fell, did you notice anything on the floor?

A. No, sir.

. . .

Q. Did you notice anything wet on the floor or anything sticky on the floor?

A. No, sir.

Def.'s Mot. [28] Ex. C, Martha Adcock Dep. at 16:21–17:14, 17:23–24, 19:3–8, 19:23–25.

Adcock sued Wal-Mart for "permitt[ing] [Adcock] to walk in an area, which it knew or should have known, was unsafe, hazardous, and dangerous." Notice of Removal [1] Ex. A, Compl. ¶ 5.[1] Wal-Mart removed the case to federal court based on diversity jurisdiction, and there is no dispute that jurisdiction exists. 28 U.S.C. § 1332 (2006).

Following discovery, Wal-Mart moved for summary judgment, arguing that Adcock failed to create a genuine question of material fact as to the existence of an unreasonably dangerous condition or an affirmative act of negligence on the part of Wal-Mart. Def.'s Mem. [29] at 5. Adcock counter-argues that the "inherently slick condition of the floors caused her to fall," and that "the slick condition of the floors is a question of fact to be determined by a jury." Pl.'s Resp. [31] at 4–5.

## II.   STANDARD OF REVIEW

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

---

[1] The Complaint lists other allegations of negligence which seem unrelated to the facts of this case and are not mentioned in Adcock's Response. The Court concludes that Adcock has abandoned the allegations. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[Plaintiff's] failure to pursue this claim beyond [the] complaint constituted abandonment."); *Felhaber v. Felhaber*, 702 F.2d 81, 84 (5th Cir. 1983) ("[T]he issue was abandoned by failure to raise it in either of [the] two briefs in response to the motion for summary judgment and by failure to include it in the pretrial stipulation.").

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The non-moving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

III.    ANALYSIS

Under Mississippi law,[2] "[a] business owner's duty depends on the plaintiff's status as an invitee, licensee, or trespasser." *McCullar v. Boyd Tunica, Inc.*, 50 So. 3d 1009, 1012 (Miss. App. 2011) (citing *Leffler v. Sharp*, 891 So. 2d 152, 156–157 (Miss. 2004)). In this case the parties agree that Adcock was an invitee on Wal-Mart's premises. "A landowner owes an invitee the duty 'to keep the premises reasonably safe and when not reasonably safe to warn only where there is hidden danger or peril that is not in plain and open view.'" *Mayfield v. Hairbender*, 903 So. 2d 733, 737–738 (Miss. 2005) (footnote and citations omitted).

---

[2]*Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

> There are three avenues of recovery for a plaintiff in a slip-and-fall case:
>
> (1) that defendant's own negligence created a dangerous condition which caused plaintiff's injury; (2) that defendant had actual knowledge of a condition which defendant itself did not cause, but defendant failed to adequately warn plaintiff of the danger. . . faced as an invitee; or (3) that, based upon the passage of time, defendant should have known of the dangerous condition caused by another party if defendant had acted reasonably, i.e., constructive knowledge of the condition should be imputed to the defendant.

*Vu v. Clayton*, 765 So. 2d 1253, 1255 (Miss. 2000) (citations omitted). If there is no evidence of negligence on the part of the defendant, then the plaintiff is not entitled to any recovery, "since the plaintiff must prove some negligence on the part of the defendant before recovery can be had." *Mayfield*, 903 So. 2d at 737 (quoting *Tharp v. Bunge, Corp.*, 641 So. 2d 20, 24 (Miss. 1994)). As to the required showing of negligence in a premises-liability action, "a premises owner is not an insurer of the safety of invitees, [but] the premises owner does have a duty of reasonable care, to maintain its premises i[n] a reasonably safe condition." *Pigg v. Express Hotel Partners, LLC*, 991 So. 2d 1197, 1199 (Miss. 2008) (citations omitted).

It is axiomatic that no liability attaches absent a dangerous condition. *McGovern v. Scarborough*, 566 So. 2d 1225, 1227 (Miss. 1990); *see also Tharp*, 641 So. 2d at 25 (discussing *McGovern*); *Lichtman v. Harrah's Tunica Corp.*, No. 98-60306, 181 F.3d 97, 1999 WL 346965, at *2 (5th Cir. May 18, 1999) (discussing *McGovern*). Thus, "[i]n every premises-liability case, the plaintiff must show that a dangerous condition exists." *McCullar*, 50 So. 3d at 1012 (citations omitted). *See also Delmont v. Harrison Cnty Sch. Dist.*, 944 So. 2d 131, 133 (Miss. App. 2006) ("In personal injury cases based on premises liability, the property owner cannot be found liable for the plaintiff's injury where no dangerous condition exists.") (citations omitted);

*Stanley v. Boyd Tunica, Inc.*, 29 So. 3d 95, 97 (Miss. App. 2010) ("All three types of premises-liability claims require a showing of a dangerous condition.") (citation omitted).[3]

Applying Mississippi law to the facts of this case, if the flooring used in the Wal-Mart dressing room does not constitute a dangerous condition, then Adcock's case should be dismissed. Alternatively, even assuming a dangerous condition, Wal-Mart has no liability unless Adcock makes some evidentiary showing that (1) Wal-Mart's negligence caused the slickness of the dressing room floor, or (2) Wal-Mart had actual knowledge that the floor was slick, or (3) the dressing room floor remained slick long enough to place Wal-Mart on constructive notice of a dangerous condition.

    A.    Whether the Dressing Room Floor was a Dangerous Condition.

Adcock's own deposition establishes that no object or substance was on the floor before or after the fall. Adcock's sworn testimony is corroborated by her husband and three Wal-Mart employees who all observed the scene after Adcock fell. The only description provided by Adcock explaining why the dressing room floor was dangerous is that the floor was, in her opinion, "slick" and "shiny." Pl.'s Resp. [30] Ex. B, Martha Adcock Dep. at 20:1–2. Adcock argues that her opinion creates a genuine issue of material fact based primarily on *Clark v. Moore Memorial United Methodist Church*, 538 So. 2d 760, 761 (Miss. 1989) and *Gulf Hills Dude Ranch, Inc. v. Brinson*, 191 So. 2d 856, 858–860 (Miss. 1966).

Adcock's authority is misplaced. Although *Clark* and *Brinson* involve slip-and-falls on clean floors, the plaintiffs in those cases offered substantial evidence that multiple slips occurred

---

[3]*Delmont* supports this proposition with citation to *Nolan v. Brantley*, 767 So. 2d 234, 240 (Miss. App. 2000) and *King v. Dudley*, 286 So. 2d 814, 816 (Miss. 1973), which were overruled on other grounds. *See Mayfield v. Hairbender*, 903 So. 2d at 738.

on the floors before the accident and that the slippery conditions were caused by the defendants' negligence in waxing or cleaning the floors. *Clark*, 538 So. 2d at 761; *Brinson*, 191 So. 2d at 859. As Adcock notes, *Brinson* does state that the plaintiff need not "show the exact nature of the substance which caused her to slip." 191 So. 2d at 860. But, there was evidence in *Brinson* that the floor was "highly waxed." *Id*. at 585.[4]

The most analogous case from a Mississippi court is *Treadwell v. Circus Circus Mississippi, Inc.*, 942 So. 2d 221 (Miss. App. 2006). There, Plaintiff Nellie Treadwell slipped and fell at a casino. *Id.* at 222. Like Adcock, Treadwell testified at her deposition "that she did not see anything on the floor where she fell" and "merely allege[d] that the floor was slippery." *Id.* The court unanimously affirmed summary judgment noting the absence of any

> evidence in this case to create a question of fact for the jury. None of the three methods to prove negligence in a slip and fall case can be met. There is no evidence that any dangerous condition in fact existed. [The plaintiff] merely alleges that the floor was slippery. [The plaintiff] testified that she did not see anything on the floor where she fell.

*Id.* at 223.

As stated, Adcock relies solely on her own testimony that the floor was "slick" and "shiny." There is no evidence of other falls, no expert testimony—as in *Clark*—and no other evidence that Wal-Mart failed to keep the floor in a "reasonably safe" condition. Following *Treadwell*, Adcock has not created a genuine dispute of fact on this issue.

---

[4]The only case citing *Brinson* in a relevant way distinguished it on facts similar to those presented, but it also seems to affirm judgment in part on plaintiff's lack of care, a theory that has been overruled. *Daniels v. Morgan & Lindsey, Inc*., 198 So. 2d 579, 585 (Miss. 1967) (affirming directed verdict for premises owner).

> B.  Whether Adcock has Presented Sufficient Evidence of Wal-Mart's Negligence, Actual Knowledge, or Constructive Knowledge.

Even if the flooring in Wal-Mart's dressing room was slick enough to constitute a dangerous condition, there is no evidence that Wal-Mart was negligent in its maintenance of the floor or that Wal-Mart had actual or constructive knowledge of the dangerousness of the condition.

Liability can obviously attach if the premises owner's negligence causes the dangerous condition. *Clark*, 538 So. 2d at 761 (finding jury question where testimony demonstrated that janitorial practices caused slickness). In this case, there is no evidence that Wal-Mart caused the condition other than the theory—unsupported by evidence—that it should have selected a different floor surface. But if the surface was slick, it could have been caused by any number of issues that have nothing to do with the surface Wal-Mart selected. "The issue in this case is not injury nor danger, but negligence proximately causing or contributing to the injury. The doctrine of *res ipsa loquitur* would not apply." *Waltman v. Wal-Mart Stores, Inc.*, No. 2:06cv107KS–MTP, 2007 WL 1289695, at *5 (S.D. Miss. May 1, 2007) (citing *Daniels*, 198 So. 2d at 584). As in *Treadwell*, the mere statement that the floor was slick is not enough to demonstrate negligence.

Liability could still attach if, as in *Clark*, the premises owner is on notice of the dangerous condition. *Clark*, 538 So. 2d at 761 (reversing summary judgment where owner was informed of previous slips). An "owner or occupant can only be liable for dangerous conditions which he 'knows of or should know of in the exercise of reasonable care.'" *Vu*, 765 So. 2d at 1255 (citation omitted). Accordingly, summary judgments in favor of defendant land owners or occupants have been upheld when "[t]here was no proof that [the defendant] had actual or

constructive knowledge of the allegedly dangerous condition." *Id.; see also Criss v. Lipscomb Oil Co.*, 990 So. 2d 771, 773 (Miss. App. 2008).

Here, Adcock offers no evidence placing Wal-Mart on notice. Importantly, there is no evidence of any prior falls, other incidents, or complaints attributable to the flooring in Wal-Mart's dressing room. Thus, there is no evidence Wal-Mart caused or was on actual notice of a dangerous condition in the ladies' dressing room. Similarly, Adcock offers no evidence as to the length of time the flooring was in the alleged "slick" and "shiny" state. Without any evidence Wal-Mart caused or was on notice of the alleged dangerous condition, Adcock's premises-liability claim fails as a matter of Mississippi law.

IV.     CONCLUSION

Based on the foregoing, Wal-Mart's Motion for Summary Judgment [28] is granted. A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 25th day of July, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE